IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAMAR PRILLIMAN | * | |
| Petitioner, | * | CIVIL ACTION NO. RDB-10-1802 |
| v. | * | CRIMINAL ACTION NO. RDB-06-0297 |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Pending before this Court are Defendant Lamar Prilliman's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 63) and his Motion for Leave to Amend Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 69). No hearing is necessary to decide these matters. *See* Local rule 105.6 (D. Md. 2011). For the reasons set forth below, Petitioner's Motion for Leave to Amend the Motion to Vacate Sentence (ECF No. 69) is GRANTED, but the subject motion to Vacate, Set Aside, or Correct Sentence (ECF No. 63) is DENIED.

## BACKGROUND

On June 28, 2006, Lamar Prilliman ("Petitioner") was indicted and charged with five felony offenses: 1) Conspiring to Distribute and Possess with Intent to Distribute Heroin, Five Kilograms or more of Cocaine, and 50 Grams or more of Cocaine Base (Count One); the Intentional Killing of Sharon Bagley During a Drug Trafficking Crime (Count Two);

1

Distributing and Possessing with Intent to Distribute Heroin (Count Three); Distributing and Possessing with Intent to Distribute Cocaine Base (Count Four); and Distributing and Possessing with Intent to Distribute 5 Grams or more of Cocaine Base (Count Five). Indictment (ECF No. 1).

On November 2, 2007, Petitioner entered a plea of guilty to Count One of the indictment pursuant to Rule 11(c)(1)(C)[1] of the Federal Rules of Criminal Procedure. While the original plea agreement specified an agreed sentence of 262 months, this Court entertained the Petitioner's Motion to Withdraw Tendered Plea of Guilty (ECF No. 43), which was filed on January 14, 2008. The Petitioner appeared before this Court on February 1, 2008, at which time his counsel and counsel for the Government amended the plea agreement and pursuant to Rule 11(c)(1)(C) agreed to a range of sentence of 235 to 293 months. Petitioner agreed to that modification and withdrew his Motion to Withdraw Tendered Plea of Guilty (ECF No. 43). That same day, this Court then sentenced him to a term of 252 months of imprisonment, which was at the lower end of the agreed range of sentence. Within the next week, the Petitioner then once again sought to withdraw his plea of guilty. However, this Court denied this second effort on February 21, 2008.

The Petitioner Prilliman then appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, attacking the validity of this guilty plea. The Fourth Circuit affirmed his conviction in this case on February 20, 2009. Specifically, the Fourth Circuit

---

[1] Rule 11(c)(1)(C), states that "if a defendant pleads guilty or nolo contendere to either a charged offense or a lesser, related offense . . . an attorney for the government will agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C).

found that this Court complied with the requisites of *United States v. Moore*, 931 F.2d. 245 (4th Cir. 1991) in denying Petitioner's second effort to withdraw his guilty plea.

Over a year later, Petitioner filed the subject Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel (ECF No. 63).[2] Petitioner sought to amend this Motion on October 20, 2011, via a *pro se* submission that further elaborated upon Petitioner's claims regarding his counsel's alleged ineffectiveness (ECF No. 69).

## STANDARD OF REVIEW

An ineffective assistance of counsel claim requires that a petitioner satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

The United States Court of Appeals for the Fourth Circuit has previously noted that "[t]he defendant bears the burden of proving the first prong under the *Strickland* test," and unless this burden is met, "a reviewing court does not need to consider the second prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992). The Fourth Circuit has also noted that the mere possibility of a different trial result does not satisfy the burden placed on the defendant.

---

[2] In a Memorandum Opinion and following separate Order entered on April 15, 2011 (ECF No. 66 and 67), this Court denied the Government's Motion to Dismiss the Petitioner's Motion on statute of limitations grounds and granted the Government an extension of time to file a response on the merits.

*See Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986). Thus, ineffective assistance of counsel claims may be disposed of solely based on a deficiency in showing prejudice. *See Strickland*, 466 U.S. at 697.

ANALYSIS

In his initial Motion, Petitioner identifies five primary areas in which he alleges his counsel was deficient. First, Petitioner alleges that counsel coerced him into accepting the guilty plea. Pet. Mot. at 15, ECF No. 63. Second, Petitioner alleges that counsel misrepresented the consequences of said plea. *Id*. Third, Petitioner alleges that counsel failed to adequately explain the nature of the plea agreement and the sentencing range. *Id*. Fourth, Petitioner claims that counsel overstated the benefits of pleading guilty, as well as the risks of going to trial. *Id*. at 16. And, finally, Petitioner asserts that counsel erred in calculating the sentencing range. *Id*. In his Motion to Amend, Petitioner further claims that counsel was ineffective because he failed to investigate the applicable facts and law before advising him to accept the plea agreement offered by the Government. Pet. Mot. at 2, ECF No. 69-1. As this Court will permit the Petitioner to amend the underlying subject Motion, this last allegation will be addressed along with the initial five.

Finally, tangentially, Petitioner argues that the allegedly ineffective assistance of counsel that he received resulted in an involuntary guilty plea, thereby depriving him of his Fifth Amendment right to Due Process. Pet. Mot. at 20, ECF No. 63.

**I.      Petitioner's Claims Regarding Ineffective Assistance of Counsel**

Under *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound

trial strategy.'. . . There are countless ways to provide effective assistance in any given case." *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

Under the analysis set out in *Strickland*, it is not difficult for this Court to determine in this case that Petitioner's attorney's actions fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Originally charged with five counts, including murder, Petitioner entered a guilty plea to Count One of the indictment, charging him with conspiracy to distribute and possession with intent to distribute cocaine, cocaine base, and heroin in violation of 21 U.S.C. §§ 846 and 841(a) and (b). Pursuant to the plea agreement, he was sentenced to 252 months in prison, which was within the agreed range and well below the potential period he faced had he proceeded to trial and been found guilty of the other four charges. Consistent with the plea agreement, Counts Two, Three, Four, and Five were dismissed by the Government. Those charges included a charge in Count Two that the Petitioner had intentionally killed and caused the intentional killing of another person. As a result, it is difficult to see how counsel's representation was in any way objectively unreasonable.

As to the individual claims detailed in the Petitioner's initial Motion, they are by and large rebuffed by the fact that Petitioner not only signed the plea agreement, but was also orally advised of its consequences at his sentencing and rearraignment. *See* Rearraignment Tr. at 10, ECF No. 68-2. Further, Petitioner testified under oath that he had not been forced to enter the guilty plea. *Id*. at 8. This fact directly contradicts the first claim in Petitioner's Motion that he was coerced by Counsel into accepting the plea. When viewed together with Petitioner's signed plea agreement, none of the first four allegations in that Motion hold up to scrutiny.

Petitioner's claim regarding his Counsel's alleged error in calculating the sentencing range was ultimately of no consequence. While there may have been some initial error in

5

calculating the guideline range, that error had no bearing on the sentencing range ultimately agreed upon when the Rule 11(c)(1)(C) agreement was modified. Furthermore, the sentence imposed was at the low end of the agreed range, which was part of a negotiated plea agreement in which more serious charges were dropped. There is simply no basis here for an ineffective assistance of counsel claim.

For these reasons, Petitioner's various arguments that his attorney failed to provide effective counsel do not meet the first prong, or "performance" prong, under *Strickland*. Petitioner has not demonstrated that the performance of his counsel in any way fell below an objective standard of reasonableness.

Arguendo, even if Petitioner met the first prong under *Strickland*, he has not met the second, or "prejudice" prong, which requires Petitioner to demonstrate that defense counsel's errors deprived him of a fair trial. A defendant who alleges ineffective assistance of counsel after entering a guilty plea faces a demanding burden – he "must show that there is a reasonable probability that, but for counsel's error, [he] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

There is nothing to indicate that Petitioner entered his guilty plea involuntarily. Indeed, Petitioner swore under oath that his decision to enter the plea agreement was entirely volitional. Rearraignment Tr. at 8, ECF No. 68-4. Second, had Petitioner gone to trial, he would have faced a murder charge that was dropped entirely after he entered the plea agreement. It is difficult to see how having that charge – as well as three others – completely dropped in any way prejudiced the defendant.

## II. Petitioner's Claim of Deprivation of Due Process

Petitioner's claim that his guilty plea was involuntary is unpersuasive. The only evidence he provides in support of this proposition are boilerplate allegations of ineffective assistance of counsel, all of which have been addressed.

While Petitioner cites to several cases holding that the validity of a guilty plea depends on a volitional and informed decision, this Court thoroughly reviewed the contents of the initial plea agreement and the modified plea agreement *with* Petitioner. He asserted under oath that he had discussed the agreement with counsel prior to signing it. Rearraignment Tr. at 8, ECF No. 68-4. As a result, while Petitioner's Motion to Amend the Motion to Vacate Sentence (ECF No. 69) has been GRANTED, and while his additional arguments have been considered, his Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 63) is DENIED.

## CONCLUSION

For the reasons stated herein, Petitioner's Motion to Amend the Motion to Vacate Sentence (ECF No. 69) is GRANTED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 63) is DENIED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243 (c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84

(4th Cir. 2001). Because reasonable jurists would not find Petitioners' claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 21, 2012

/s/_____
Richard D. Bennett
United States District Judge